UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------
DAVID WILLIAM LINDER,

                                            Plaintiff,

                                                                    1:07-CV-0371
                                                                    (LEK)(RFT)

        v.

NEW YORK STATE POLICE; WAYNE BENNETT;
LORI HOCHDANNER; STEVEN ANDERSON; MARK
LESTER; JENNIFER LIMOGENS; ELIOT SPITZER;
JUSTINE SHOEMAN, DEA; TIMOTHY
JENKINS, DEA; LAURA TAYMAN, AUSA;
CHARLES BURKE, Court Appointed Counsel,
Individually and in their Official Capacity

                                            Defendants.

----------------------------------------------------------------------------
APPEARANCES:

DAVID WILLIAM LINDER
25913 048
Terra Haute Federal Correctional Institution
Inmate Mail/ Parcels
P.O. Box 33
Terra Haute, IN 47808
Plaintiff, *pro se*

LAWRENCE E. KAHN, U.S. District Judge

## DECISION and ORDER

### I. Background

        Plaintiff David William Linder has filed a Complaint under 42 U.S.C. 1983, naming 10

individual Defendants and the New York State Police, alleging violations of his rights in

connection with his criminal trial in Federal District Court, Eastern District of Virginia.

Complaint (Dkt. No. 1).  Plaintiff, who is currently incarcerated at Terre Haute Federal

Correctional Institution in Indiana, has also filed an application to proceed *in forma pauperis*.[1]

Application (Dkt. No. 2).

## II. Discussion

A.      Plaintiff's Application to Proceed *In Forma Pauperis*

The Court finds that Plaintiff is financially eligible to commence this matter *in forma pauperis*.  However, the Northern District of New York requires all inmates to sign a fully completed and properly certified *in forma pauperis* application and the authorization form issued by the Clerk's Office.  *See* Rule 5.4(b) of the Local Rules of Practice of the Northern District ("L.R. 5.4(b)").  Plaintiff has not submitted an authorization form. Therefore, the Court hereby directs the Plaintiff to adhere to Local Rule 5.4(b) and submit either a signed authorization form or the full filing fee of $350.00.

B.      The Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is the court's responsibility to determine whether a plaintiff may properly maintain his complaint in this District before it permits him to

---

[1]Plaintiff has filed three other actions in this District.  See Linder v. New York State Police, 3:06-CV-0954 (closed), Linder v. Lourdes Hospital, 3:06-MC-0038 (closed), Linder v. New York State Police, 9:07-CV-0056.  The Court notes that Plaintiff's previous two actions against (cont.) New York State Police contain similar claims to those brought in this action.

proceed with his action *in forma pauperis*.  *See* 28 U.S.C. § 1915(e)(2).[2]

   Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  See also Myers v. Wollowitz, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, J.) (holding that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

   i.   State Agency Immunity

   Plaintiff has named "New York State Police" as a Defendant to this action.  However, the New York State Police is an agency of the State and, as such, is entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution.  See Proctor v. Vadlamudi, 992 F. Supp. 156, 158-9 (N.D.N.Y. 1997) (Pooler, J.) (noting that state agencies are immune from suits brought under 42 U.S.C. § 1983).  Accordingly, the claims against the New York State Police will be dismissed.

   ii.   Court Appointed Counsel

   "It is well established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendants do not act under color of state law, and therefore are not subject to suit under § 1983."  Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997).  Plaintiff has named Charles Burke, his court appointed counsel, as a Defendant in this 1983 action.  Since Defendant Burke is not a state actor, the claims against him are dismissed.

---

[2]Because Plaintiff's claim seeks redress from officers or employees of a governmental agency, this initial standard of review is required whether or not Plaintiff seeks to proceed *in forma pauperis.* 28 U.S.C. 1915A(b).

### iii.   Witness Immunity

Plaintiff alleges that Defendants Hochdanner and Anderson, both New York State Police officers, lied during their testimony at Plaintiff's criminal trial.  Complaint (Dkt. No. 1) at 3.  The Supreme Court has held that police officers are absolutely immune from liability under section 1983 for testifying falsely at trial.  Briscoe v. LaHue, 460 U.S. 325, 330-31 (1983).  See also Taylor v. Hansen, 731 F.Supp. 72, 75-76 (N.D.N.Y. 1990) (McCurn, C.J.) (noting that the holding in Briscoe arose from the common law rule that witnesses could not bear liability based on their testimony at trial.)  The only allegations against Defendants Hochdanner and Anderson relate to their testimony as trial witnesses.  Therefore, the claims against them are dismissed.

### iv.   Prosecutorial Immunity

Prosecutors are absolutely immune from liability under § 1983 in matters involving the prosecution of individuals of the failure to prosecute.  See Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); Bernard v. County of Suffolk, 356 F.3d 495 (2d Cir. 2004) (holding that, regardless of prosecutors' motives, "absolute immunity shields them from suit pursuant to § 1983 for their alleged malicious or selective prosecution of plaintiffs, as well as for any misconduct in the presentation of evidence to the grand juries").

Plaintiff has named both Eliot Spitzer and Assistant United States Attorney Tayman as Defendants in this action.[3]  However, the Court notes that they are also immune from Section 1983 liability, to the extent Plaintiff's claims against these two Defendants are based upon their actions in prosecutorial matters.

---

[3]The Court notes, however, that Plaintiff has made only conclusory allegations against Defendant Tayman and no allegations against Defendant Spitzer.

4

v.       Personal Involvement

Plaintiff has made no allegations against a number of Defendants who are listed in the

caption of Plaintiff's complaint.  "It is well settled in this Circuit that 'personal involvement of

defendants in alleged constitutional deprivations is a prerequisite to an award of damages under

§1983.' "  Wright v. Smith, 21 F.3d 496, 501 (2d Cir.1994) (quoting Moffitt v. Town of

Brookfield, 950 F.2d 880, 885 (2d Cir.1991)).  In any amended complaint that Plaintiff may

choose to file, he must make specific allegations against each Defendant listed in the caption of

the complaint.

vi.      Rule 8 of the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a

claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the

pleader is entitled to relief."  See FED. R. CIV. P. 8(a)(2).  The purpose of this Rule "is to give fair

notice of the claim being asserted so as to permit the adverse party the opportunity to file a

responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata

is applicable."  Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy,

C.J.).  Plaintiff's complaint is not a plain statement of his claims because it does not set forth

when or where the alleged wrongdoing occurred.  The Court is unable to determine whether

Plaintiff timely filed this action or whether this action is properly venued in this District.

Moreover, Plaintiff states his allegations in broad, conclusory terms.  "'[C]omplaints

relying on the civil rights statutes are insufficient unless they contain some specific allegations of

fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but

have no meaning.'"  Hunt v. Budd, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (Hurd, M.J.) (internal

quotation omitted).  Courts have "scrupulously…observed" this pleading requirement "because

5

leveling civil rights charges against anyone carries serious consequences distinct from those accompanying garden-variety tort or breach of contract claims." Carrasco v. N. Y. City Off-Track Betting Corp., 858 F. Supp. 28, 31 (S.D.N.Y. 1994)

### III.  Conclusion

After carefully reviewing Plaintiff's complaint and the applicable law, and for the above-stated reasons, the Court concludes that Plaintiff has failed to state a claim against the named Defendants upon which this Court can grant relief; and, therefore, his complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),(ii).  However, because of Plaintiff's *pro se* status, the Court will provide him with an opportunity to amend his complaint to cure the deficiencies described in this Order.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's claims against the New York State Police, Charles Burke, Lori Hockdanner, and Steven Anderson are dismissed, with prejudice, and it is further

**ORDERED**, that Plaintiff's claims against Eliot Spitzer and AUSA Tayman are dismissed with prejudice, to the extent that they are based upon prosecutorial activities, and it is further

**ORDERED**, that if Plaintiff fails to file an amended complaint **within thirty (30) days** of the filing of this Order, the Clerk of the Court shall dismiss this action without further action of this Court, and it is further

**ORDERED**, that if Plaintiff fails to timely comply with the filing fee requirements set forth above **within thirty (30) days** of the filing date of this Order, this action will be dismissed without further Order of this Court, and it is further

**ORDERED**, that upon Plaintiff's full compliance with this Order, the Clerk return the file

in this matter to the Court for further review, and it is further

      **ORDERED**, that the Clerk serve a copy of this Order on Plaintiff Linder, along with a

blank inmate authorization form.


**IT IS SO ORDERED**


Dated:        April 30, 2007
                 Albany, New York

                 Lawrence E. Kahn
                 U.S. District Judge